[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks damages for personal injuries he claims to have sustained as a result of a collision between a vehicle he was operating and a truck operated by the defendant Ondusko and owned by the defendant City of New Haven. The accident occurred on February 25, 1990 while the defendant's truck was plowing snow on Pine Street in New Haven. The plaintiff's vehicle had been in a driveway at 108 Pine Street and was in the driveway or entering the travelled portion of the street, the major issue in dispute as to liability. CT Page 1211
The plaintiff testified that his vehicle was stopped in the driveway when it was struck by the truck. The contact was with the right rear of the truck and the left front end of the plaintiff's vehicle. The defendant Ondusko could not say whether the plaintiff's vehicle was moving or not. He admitted that when he applied his brakes, the rear of his vehicle "swerved to the right". This statement is supported by the police report, Exhibit G, which clearly places the plaintiff's vehicle in the street but out of the travel lane. The defendant's vehicle is shown with its right rearout of the travel lane, extending into the right hand lane and against the left front end of the plaintiff's vehicle.
On the basis of this portrayal and the candid statements of the defendant Ondusko, the Court concludes that the accident was not the fault of the plaintiff, but was due to the negligence of the defendant Ondusko in that his vehicle ventured out of the travel lane into the lane in which the plaintiff was stopped. The defendant admitted that his vehicle "swerved to the right" as he braked and thus he did not properly have it under control. The defendants failed to prove any of their special defenses, offering virtually nothing to support them.
As to the damage claims, the plaintiff submitted the report of Dr. Alfred Ranieri which described his condition on February 27, 1990 and the treatment which followed. A period of rest was suggested as a result of which the plaintiff was out of work for 5 days. The plaintiff incurred the expense of x-rays, examination and treatment.
Though his testimony was inconsistent in some areas, the Court finds that a fair and reasonable award to the plaintiff under all the circumstances of this case would be $4500.00.
Anthony V. DeMayo State Trial Referee